

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. Lee O'Daniel
Governor of the State of Texas
Austin, Texas

Dear Governor:

Opinion No. O-2650
Re: Can the Live Stock Sanitary
Commission put the described
quarantines into effect with-
out the Governor's signature?

In connection with the above request for an opinion of this Department, as contained in your letter of August 19, we received eight separate proposed proclamations prepared by the Live Stock Sanitary Commission, which accompanied your letter.

Each of the proposed proclamations are executed by the members of the Live Stock Sanitary Commission, similar in form, designating therein for systematic tick eradication work the territory or part of certain counties described in each and declaring that said territory and all premises therein are quarantined and all cattle, horses, mules, jacks and jennets within said territory are quarantined and that they shall be moved into, within, or from said territory only as prescribed by law, and the rules and regulations of the Live Stock Sanitary Commission of Texas. These documents are briefly designated as follows:

Proclamation No. 99 - Certain described portions of Brazoria and Fort Bend Counties.
Proclamation No. 100 - Certain described portions of Victoria County.
Proclamation No. 101 - Certain described portions of Wharton, Jackson, Colorado and Lavaca Counties.
Proclamation No. 102 - Certain described portions of Willacy County.
Proclamation No. 103 - Certain described area of Brazoria County.
Proclamation No. 104 - Certain described portions of Brazoria and Fort Bend Counties, different from that described in Proclamation No. 99.
Proclamation No. 105 - Certain described portions of Harris County.
Proclamation No. 106 - Certain described parts of Fort Bend County.

The caption of House Bill 77, Chapter 53, Acts 1929, First Called Session, 41st Legislature, which is incorporated in Vernon's Penal Code as Article 1525c, Sections 1 - 37, contains in part the following language:

"An act to provide for the eradication in the State of Texas of the fever carrying tick, Margaropus Annulatus . . . and authorizing the Governor to issue Proclamations designating counties and parts of counties for tick eradication purposes and quarantining counties and parts of counties because of tick infestation; . . . "

For purposes of applying this law to portions of the State or county to be affected, it appears that two primary and distinct subjects are dealt with throughout its provisions, namely, "tick eradication" and "quarantine." Brief excerpts from the law are hereinafter set forth wherein proclamations to be issued by the Governor are referred to. With reference to authorization of "tick eradication," in territory wherein such work is to be prosecuted, we particularly notice several provisions of the law:

"Sec. 3. ......It is hereby specially provided that the Live Stock Sanitary Commission shall designate for tick eradication, to be proclaimed by the Governor immediately upon the taking effect of this Act, that part of Live Oak County which was heretofore designated for tick eradication by proclamation of the Governor under Chapter 122, Acts of the Regular Session of the Thirty-Ninth Legislature, ......

"Whenever the Live Stock Sanitary Commission designates any of the aforesaid counties or parts of counties for tick eradication the same shall be proclaimed by the Governor of the State of Texas, ..."

"Sec. 4. Whenever any county, part of county, district or territory is designated for tick eradication by the Live Stock Sanitary Commission and proclaimed by the Governor, as herein provided, said proclamation shall contain a provision quarantining said county, part of county, district or territory, and the effect of such quarantine shall be to quarantine said county, part of county, district or territory and all lands, pastures, pens, lots, premises, ...."

Other provisions relating to "quarantine" and the issuance of a proclamation by the Governor are hereinafter noticed:

"Sec. 3. ....The Live Stock Sanitary Commission is hereby authorized to transfer, by proclamation of the Governor, counties and parts of counties from any area to another area whenever the same is deemed advisable or necessary and to establish (ed) necessary quarantines on lands, premises and live stock. ...."

"Sec. 4. Whenever any county, part of county, district or territory is designated for tick eradication by the Live Stock Sanitary Commission and proclaimed by the Governor, as herein provided, said proclamation shall contain a provision quarantining said county, part of county, district or territory, and the effect of such quarantine shall be to quarantine said county, part of county, district or territory and all lands, pastures, pens, lots, premises, ....."

"Sec. 33. .....The quarantining of all those counties and parts of counties which are designated in Section 3 of this Act as being in the Inactive Quarantined Area shall become effective upon the taking effect of this Act without the issuance of any proclamation. ...."

The act further provides in Section 33, as to former proclamations and areas affected thereby, as follows:

".....All proclamations heretofore issued by the Governor under provisions of any former law designating counties and parts of counties for tick eradication, and also such proclamations quarantining counties and parts of counties because of tick infestation, which are still in effect at the time of the taking effect of this Act, shall continue in full force and effect, unless otherwise provided in this Act, subject to the provisions and penalties of this Act without the issuance of proclamations after the passage of this Act. ...."

Section 1 of the Act, pertaining to the duties of the Live Stock Sanitary Commission as provided in Article 7009, Vernon's Annotated Civil Statutes, in part, provides:

".....Said Commission shall adopt necessary rules and regulations, to be proclaimed by the Governor of the State of Texas, for carrying out the provisions of this Act. ...."

As will be seen from the above quoted provisions, our present tick eradication law expressly provides that all rules and regulations adopted by the Live Stock Sanitary Commission are to be promulgated by the Governor, with specific provisions, for proclaiming certain territory as designated by the Live Stock Sanitary Commission open for "tick eradication" and to be "quarantined," and in this respect, it is similar and follows closely the provisions of former laws upon the subject. This being so, it seems that your question as applied to the proposed proclamations submitted, is answered by Justice Prendergast, speaking for the Court of Criminal Appeals in Mulkey vs. State, 201 S. W. 991, from which we quote:

"It has been correctly held under said Tick Eradication and Quarantine law that the court and jury had to take judicial knowledge of the Governor's proclamation proclaiming such quarantine and the rules and regulations adopted by said commission, and that it was not necessary to prove them. McGee v. State, 194 S. W. 953. However, neither this court nor any other court is bound to take judicial notice of any rules and regulations adopted by the said commission which have not been proclaimed by the Governor. In fact such rules and regulations, even though adopted by the commission, are without force and effect unless and until the Governor proclaims them by his proclamation."

It is evident by the provisions of Article 1525c, Vernon's Penal Code, and particularly Section 4 thereof under which the proposed proclamations appear to have been drawn, that the Legislature intended that before any designated "Free Area" with its lines defined could become effective for purposes of "tick eradication" and "quarantine," such territory so designated is to be proclaimed by the Governor.

Only in one instance does the law appear to render such proclamation unnecessary, and that appears in the last sentence of Section 3 of the law, which reads:

"The reestablishment of quarantine on any portion of a county in the Free Area need not be proclaimed by the Governor."

It will be noted that the above section does not provide for reestablishment on any portion of a county in the "Free Area"

of "tick eradication" but only the reestablishment of "quarantine" need not be proclaimed by the Governor. As the proposed proclamations are presumptively drawn to meet the requirements of Section 4 of the law, this section would have no application. The fact that all of the proposed proclamations, with the exception of two, being numbered 100 and 101, are inside the "Inactive Quarantined Area" as specified by Section 3 of the law, would not except them from the requirement that they be proclaimed by the Governor, as their status as fixed by statute is that of being "quarantined" only.

In view of the foregoing, you are respectfully advised that in the opinion of this Department, the proposed proclamations issued by the Live Stock Sanitary Commission under the provisions of Article 1525c, Vernon's Annotated Penal Code, and which we are returning herewith, cannot become effective without the signature of the Governor.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WJRK:AMM

APPROVED AUG 28, 1940

/s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
opinion committee
By___BWB___
chairman